**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BERRY MORROW**                                                                                     **PLAINTIFF**

**VS.**                                            **CASE NO. 5:14CV00152 BSM/HDY**

**GAYLON LAY, DONALD TATE, SR.,
JIMMY KIRTLEY, and LARRY MAY**                                                **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
       Judge (if such a hearing is granted) was not offered at the

       hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

The defendants have filed a motion for summary judgment in this civil rights action brought by Berry Morrow. Defendant Lay is the warden of the Cummins Unit of the Arkansas Department of Correction (ADC), and defendants Tate and Kirtley are employed at the Cummins Unit. Defendant May is the ADC's Deputy Director. The plaintiff is an inmate at the Cummins Unit, and was housed in a single-man cell in the punitive isolation area of the unit at relevant times for the purpose of this lawsuit, beginning on August 9, 2012. Mr. Morrow claims that he was not given his "48 hour relief" October of 2012. This relief period, according to Morrow, is given every thirty days and includes the restoring of all privileges. Mr. Morrow further alleges the ADC has a "package program" where free world individuals can purchase food items for inmates. According to Morrow, the fall package arrived at the Cummins Unit on October 8 and October 11, 2012. Morrow complains he was placed on 48-hour relief on October 13, 2012, but did not receive his privileges,

including his fall package.

Federal Rule of Civil Procedure 56 provides for the entry of summary judgment only in those circumstances where there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.

> This may occur when a plaintiff cannot demonstrate that a genuine fact issue exists. But the party opposing the summary judgment must be given the benefit of all favorable factual inferences, and summary judgment cannot be granted when the non-movant shows that an alleged undisputed fact actually presents a triable issue.

*Holloway v. Lockhart, et al.*, 813 F.2d 874, 878 (8th Cir.1987) (citations omitted). We are also mindful that the *pro se* complaint is to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972), accepting as true each allegation contained therein, *see Chapman v. Musich*, 726 F.2d 405, 408 (8th Cir.), *cert. denied*, 469 U.S. 931 (1984).

Once a motion for summary judgment is made and supported, it places an affirmative duty on the non-moving party to "go beyond the pleadings and present affirmative evidence showing that a genuine issue of material fact exists." *See Uhiren v. Bristol-Meyers Squibb Company, Inc.*, 346 F.3d 824, 827 (8th Cir. 2003). "The non-movant must show there is sufficient evidence to support a jury verdict in [his] favor," and a "mere scintilla of evidence supporting the non-movant's position will not fulfill the non-movant's burden." *See Id*. [internal quotations omitted].

In this case, the defendants moved for summary judgment on January 2, 2015. On January 23, 2015, the Court directed the plaintiff to file his response to the motion for summary judgment no later than fourteen days after the entry of the Order. Docket entry no. 31. The plaintiff has filed no response to the motion for summary judgment. As a result, the statement of facts submitted by the defendants is unopposed.

The facts reflect that Mr. Morrow was housed in the punitive isolation section of the Cummins Unit in October of 2012. The defendants concede that Morrow was entitled to 48 hour relief, and he was scheduled to receive this relief on October 13, 2012. As part of this relief, Morrow was to be transferred to a cell which would be shared with another inmate. Morrow demanded, for religious reasons, to be left in a single man cell. As a result, he remained in punitive isolation, where he was given his personal property and given access to publications and to the Cummins Unit library. Morrow did not receive a fall package during his 48 relief from October 13-15, 2012. Two fall packages (also called "holiday packages") were sent to Morrow, arriving on October 8 and October 11. ADC policy provides that inmates housed in punitive isolation can receive fall packages if the packages are delivered during the inmate's 48 hour relief period. Packages designated for punitive isolation inmates are returned to the vendor unless the delivery coincides with the inmate's 48 hour relief. In accord with ADC policy, Morrow's fall packages were returned to the vendor. The vendor refunded the price of the packages ($70.67 and $73.69) to the purchaser. In his affidavit filed with the motion for summary judgment, defendant Lay notes that ADC Directive 12-24 and Cummins Unit Policy CU-10.02 provide for 48-hour relief for punitive isolation inmates. Lay further states that inmates in punitive isolation cannot receive the fall package unless the package was delivered while the inmate was on 48-hour relief. Docket entry no. 24-8. Further, a copy of the form used to order the fall package states, "All inmates are eligible to receive a package except those on restriction, punitive isolation, or any inmate housed at Varner Super Max Unit." Docket entry no. 24-3, page 2. Mr. Morrow filed a grievance concerning the denial of his "appropriate 48-hour relief". Complaint, page 12-14. The grievance, dated October 15, 2012, was denied on November 5, 2012, with the Warden noting that Morrow was on 48-hour relief from October 13-15 and was

4

unable to receive the fall packages on October 8 and 11 due to being housed in punitive isolation on those days. Morrow's appeal to ADC Deputy Director Larry May was denied on January 3, 2013, for the same reasons the grievance was denied.

The essence[1] of the complaint filed by Mr. Morrow is that he was subjected to cruel and unusual conditions in violation of the Eighth Amendment. To prevail on a condition of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam). The unopposed facts in this case demonstrate no serious condition as well as no deliberate indifference to Mr. Morrow's health and safety. His assignment to punitive isolation with 48 hour relief periods did not expose Plaintiff to any serious condition, including the application of the 48 hour relief package policy, or demonstrate deliberate indifference to Plaintiff's health and safety. The bare allegation of "excessive illumination" likewise is insufficient to support a claim of

---

[1] Although the complaint contains other references to problems (e.g., the allegation that ADC employees stole the packages, that other inmates received their packages, or that he was treated differently for religious reasons), these allegations are without merit for two reasons. One, the allegations are either conclusory or are rebutted by the affidavits submitted in support of the motion for summary judgment. Two, the plaintiff's grievance focused only upon the 48-hour relief and the privileges, such as the delivery of his fall package. The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). Thus, Morrow did not exhaust his available remedies with respect to all of his claims, and dismissal of those claims is appropriate for that reason. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

cruel and unusual punishment. *See O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987; *Bargo v. Hobb, et al.*, 2015 WL 480538 (February 6, 2015), affirming *Bargo v. Hobbs, et al.*, No. 5:13cv191. Therefore, the defendants are entitled to judgment as a matter of law.

Alternatively, Mr. Morrow brings these claims against the defendants in their official capacities. Such claims are, in essence, claims against the state of Arkansas, and are generally barred by the doctrine of sovereign immunity. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58 (1989); *Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989). The exception to the rule is where a constitutional violation occurred pursuant to an official custom, policy, or practice of the ADC. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

Mr. Morrow's allegations are that the defendants subjected him to cruel and unusual punishment. He does not establish that any of these deprivations are connected to any policy at the ADC. Even liberally construing the complaint to allege that the ADC policy of delivering the packages only to inmates on 48-hour relief is unconstitutional, we find no merit to such a claim. Prisons are allowed to impose restrictions on the receipt of packages from outside the unit, and the withholding of items, such as mail, to inmates in punitive isolation is appropriate as it is done to "discourage improper behavior and promote security within the prison." *Leonard v. Norris*, 797 F2d 683, 685 (8th Cir. 1986); *Jensen v. Kleckler*, 648 F2d 1179 (8th Cir. 1981). As a result, these official capacity claims must fail, and summary judgment on this basis is warranted.

Finally, the defendants also contend the complaint should be dismissed against them in their individual capacities due to qualified immunity. These defendants correctly note that qualified immunity protects defendants unless their alleged conduct violated "clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow*

6

*v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Id.* at 341. The defendants correctly note that defendant Lay and May were only involved in the events as decision makers during the grievance process, and defendant Tate's involvement consisted of his investigation of the grievance. Defendant Kirtley was admittedly personally involved with the plaintiff, honoring Morrow's request to remain in punitive isolation on October 13, and responding to the grievance filed by Morrow. Based upon the unopposed facts, none of the defendants violated a clearly established constitutional right of Mr. Morrow's. He fails to show he had a constitutional right to receive the package on his own terms, and fails to show some discriminatory motive in the ADC policy or the manner in which it was administered. As a result, the defendants are entitled to judgment as a matter of law based upon qualified immunity.

**Conclusion:** In response to the motion for summary judgment, Mr. Morrow has not gone beyond his pleadings and presented affirmative evidence showing a genuine issue of material fact exists. He has not shown there is sufficient evidence to support a jury verdict in his favor against any of the defendants. There is no genuine issue of material fact concerning the conditions under which Morrow was housed. With respect to the various claims referenced in footnote one, (the allegation that ADC employees stole the packages, that other inmates received their packages, or that he was treated differently for religious reasons), these claims should be dismissed without prejudice for failure to exhaust administrative remedies.

Accordingly, we recommend that the motion for summary judgment of the defendants be granted, and the case be dismissed.

IT IS SO ORDERED this  13   day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE